SHOWA LAW OFFICE, LLLC

ANDREW DAISUKE STEWART   7810-0
735 Bishop Street
Suite 318
Honolulu, Hawaii 96813
Tel. (808) 772-9297/Fax. 1 (866) 772-9407
Attorney for Plaintiff
THREE ARROWS HAWAII, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THREE ARROWS HAWAII, LLC, a Hawaii limited liability company; KAZUMI TAKEUCHI; | ) ) ) ) | Civil No.  21-341 |
| Plaintiffs, | ) ) | COMPLAINT; SUMMONS |
| vs. | ) ) ) | |
| LEGACY VILLA HOLDINGS, LLC, a Hawaii limited liability company; LEGACY VILLA LLC, a Hawaii limited liability company; GARY K. HIRONAKA, JR.; DOE DEFENDANTS 1-10; DOE CORPORATE ENTITIES 1-10; | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## **COMPLAINT**

Comes now Plaintiffs THREE ARROWS HAWAII LLLC and

KAZUMI TAKEUCHI (collectively "Plaintiffs"), through their

attorney, SHOWA LAW OFFICE, LLLC, and hereby files this

Complaint, and alleges and avers the following causes of action

against Defendants LEGACY VILLA HOLDINGS, LLC, a Hawaii limited liability company; LEGACY VILLA LLC, a Hawaii limited liability company; GARY K. HIRONAKA, JR.; DOE DEFENDANTS 1-10; and DOE CORPORATE ENTITIES 1-10 (collectively "Defendants".)

## THE PARTIES

1.    Plaintiff THREE ARROWS HAWAII, LLC (hereinafter "Plaintiff TAH") is and was at all times relevant a limited liability company organized under the laws of the State of Hawaii with its principal place of business in the State of Hawaii, whose sole member is Kazumi Takeuchi.

2.    Plaintiff KAZUMI TAKEUCHI (hereinafter "Plaintiff Takeuchi") is and was at all times relevant the sole member of Three Arrows Hawaii, LLC.

3.    Defendant    LEGACY    VILLA    HOLDINGS,    LLC (hereinafter "Defendant LV Holdings") is and was at all times relevant a limited liability company organized under the laws of the State of Hawaii with its principal place of business in the State of Hawaii.

4.    Defendant LEGACY VILLA LLC (hereinafter "Defendant LVL") is and was at all times relevant a limited liability company

2

organized under the laws of the State of Hawaii with its principal place of business in the State of Hawaii, whose sole member is Gary K. Hironaka, Jr.

5.    Defendant GARY K. HIRONAKA, JR. (hereinafter "Defendant Hironaka") is and was at all times relevant the sole member of Defendant LVL.

6.    DOE DEFENDANTS 1 – 10 and DOE CORPORATE ENTITIES 1- 10 (collectively referred to herein as "DOE DEFENDANTS" or "other presently unidentified Defendants") are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff except that they are connected in some manner with Defendants or were the agents, principals, partners, officers, directors, members, servants, employees, employers, representatives, co-venturers, associates, consultants, vendors, suppliers, manufacturers, subcontractors, contractors, sureties, insurers, owners, lessees, sublessees, lessors, guarantors, assignees, assignors, licensees or licensors of Defendants or were in some manner presently unknown to Plaintiff, engaged in the activities alleged herein, or were in some manner responsible for the injuries and damages to Plaintiff, or conducted some activity or activities in a negligent or

wrongful manner which was a proximate cause of the injuries and damages to Plaintiff, and Plaintiff prays for leave to certify the true names, identities, capacities, activities, and responsibilities of DOE DEFENDANTS when the same are ascertained.

## JURISDICTIONAL STATEMENT

7.    This Honorable Court has federal subject matter jurisdiction over the subject matter of the within action pursuant to 28 U.S.C. Section 1331, certain claims in the present lawsuit arise out of the Securities Act of 1933 (codified at 15 U.S.C. Section 77q(a), et. seq.) and/or the Securities and Exchange Act of 1934 (codified at 15 U.S.C. Section 78j, et. seq.).

8.    This Honorable Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. Section 1331.

9.    The U.S. District of Hawai'i is the appropriate venue for this action inasmuch as the causes of action alleged herein accrued in the State of Hawai'i and the contract documents were executed in the State of Hawai'i.

## **FACTUAL ALLEGATIONS**

10. On or about November 3, 2011, Defendant LV Holdings was registered with the Department of Commerce and Consumer Affairs, State of Hawaii, as a "member-managed" limited liability company with Defendant Hironaka as its sole manager.

11. Between November 3, 2011 and November 14, 2011, Defendant Hironaka, on behalf of Defendants, orally promised Plaintiff TAH's sole member, Plaintiff Takeuchi, that if Plaintiff TAH invested $1,500,000 into Defendant LV Holdings that Defendant LV Holdings would pay Plaintiff TAH a preferred rate of return of eight percent (8%) per annum on its $1,500,000 investment until at least such time that Plaintiff TAH recouped its entire investment of $1,500,000 and that Plaintiff TAH would eventually be able to acquire ownership in an adult residential care facility.

12. Defendant Hironaka had no intention of having Defendant LV Holdings provide Plaintiff TAH with a preferred rate of return of eight percent (8%) per annum on its $1,500,000 investment until Plaintiff TAH recouped its entire investment of $1,500,000, at the time he made said promise to Plaintiffs.

5

13.   On  or  about  November  14,  2021,  in  reliance  of Defendant  Hironaka' s  representation  that  if  Defendant  LV Holdings  would  pay  Plaintiff  TAH  a  preferred  rate  of  return  of eight percent (8%) per annum on its $1,500,000 investment until at least such time Plaintiff TAH recouped its entire investment of $1,500,000,  Plaintiffs  transferred  the  sum  of  $770,000  to Defendant  LV  Holdings  from  Plaintiff  TAH's  bank  account  with Central Pacific Bank.

14.   On  or  about  November  15,  2021,  Plaintiff  and Defendant  LVL  entered  into  an  operating  agreement  for Defendant  LV  Holdings,  which  designated  the  following  entities as members of Defendant LV Holdings.

| | |
|---|---|
| Legacy Villa, LLC | 45% membership interest |
| Three Arrows Hawaii, LLC | 45% membership interest |
| Hawaii 2345 LLC | 10% membership interest |

15.   On  or  about  December  19,  2021,  in  reliance  of Defendant  Hironaka' s  representation  Defendant  LV  Holdings would pay Plaintiff TAH a preferred rate of return of eight percent (8%) per annum on its $1,500,000 investment until at least such time  that  Plaintiff  TAH  recouped  its  entire  investment  of $1,500,000,  Plaintiffs  transferred  the  sum  of  $730,000  to

Defendant LV Holdings from Plaintiff TAH's bank account with Central Pacific Bank.

16. On or about July 10, 2013, Hawaii 2345 LLC dissociated from Defendant LV Holdings.

17. Until August 8, 2013, when Plaintiff Takeuchi was appointed manager of Defendant LV Holdings, Defendant Hironaka was the sole manager of Defendant LV Holdings.

18. Between on or about December 2014 and January 2015, Plaintiffs communicated to Defendant Hironaka, Defendant LV Holdings, and Defendant LVL that Plaintiff TAH wanted to divest its investment into Defendant LV Holdings, as Plaintiff TLH was not receiving the preferred rate of return of eight percent (8%) per annum on its $1,500,000 investment as promised.

19. In an effort to placate and persuade Plaintiffs not to divest Plaintiff TAH's investment in Defendant LV Holdings, Defendant Hironaka agreed to have Defendant LVL memorialize the oral agreement regarding the preferred rate of return of eight percent (8%) per annum, into writing.

20. In an effort to placate and persuade Plaintiffs not to divest Plaintiff TAH's investment into Defendant LV Holdings, Defendant Hironaka agreed to personally guaranty Defendant LV

7

Holdings' obligation to provide Plaintiff TAH with preferred rate of return of eight percent (8%) per annum on its $1,500,000 investment until Plaintiff TAH recouped its entire investment of $1,500,000.

21.   On or about February 10, 2015, Plaintiff TAH and Defendant LVL memorialized in writing (hereinafter "the Agreement"), the earlier oral agreement entered into, whereby Defendant Hironaka, among other things, had agreed to the following on behalf of Defendant LV Holdings and Defendant LVL:

(a)   Plaintiff TAH to contribute $1,500,000 to Defendant LV Holdings; and

(b)   Plaintiff TAH to receive a preferred rate of return of eight percent (8%) per annum from Defendant LV Holdings until at least such time Plaintiff TAH was paid $1,500,000 from Defendant LV Holdings.

22.   The Agreement at page 2, Paragraph 5 stated as follows:

5.   REIMBURSEMENT. It is agreed and understood that until Three Arrows Hawaii, LLC, receives $1,500,000.00, Three Arrows Hawaii, LLC shall receive a preferred rate of return of eight percent (8%) per annum which shall be reflected monthly in the capital accounts of LEGACY VILLA HOLDINGS, LLC.   Eight percent is equal to $120,000 per year of $10,000 per month.

23.   Neither Defendant LV Holdings, Defendant LVL, nor Defendant Hironaka had any intention of providing Plaintiff TAH

with a preferred rate of return of eight percent (8%) per annum on its $1,500,000 until Plaintiff TAH recouped its entire investment of $1,500,00, at the time they made said promise to Plaintiff TAH on or about February 10, 2015.

24.   Page 5 of the Agreement contained a Personal Guaranty signed by Defendant Hironaka, stating in relevant part: "THE UNDERSIGNED GUARANTOR(S), do hereby unconditionally and jointly and severally guaranty to Three Arrows Hawaii, LLC, and its successors and assigns, the full, prompt and punctual payment of the money due under the reimbursement provision of this Agreement[.]"

25.   Defendant Hironaka had not intention of actually guarantying the preferred rate of return of eight percent (8%) per annum Plaintiff TLH was entitled to receive on its $1,500,000 investment from Defendant LV Holdings, at the time he made said promise to Plaintiff TLH.

26.   As of the filing of this Complaint, Plaintiff has not received the preferred rate of return of eight percent (8%) per annum on its $1,500,000 investment from Defendant LV Holdings, which was to be paid at least until such time Plaintiff

TAH recouped its entire investment of $1,500,000 investment, as promised by Defendants and guaranteed Defendant Hironaka.

## COUNT I

## (BREACH OF CONTRACT)

27.   Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as though fully set forth herein.

28.   In 2011, Defendant Gary Hironaka, Defendant LVL, and Defendant LV Holdings orally promised Plaintiffs that, if Plaintiff TAH invested $1,500,000 into Defendant LV Holdings that Plaintiff TAH would receive a preferred rate of return of eight percent (8%) per annum on its $1,500,000 investment until at least Plaintiff TAH recouped its entire $1,500,000 investment.

29.   In 2015, Defendant LV Holdings entered into a written contract, whereby it promised Plaintiff TAH a preferred rate of return of eight percent (8%) per annum on its $1,500,000 investment until at least Plaintiff TAH recouped its entire $1,500,000 investment.

30.   In 2015, Defendant Hironaka entered into a written contract, whereby he guaranteed Defendant LV Holdings' promise to pay Plaintiff THA a preferred rate of return of eight percent

10

(8%) per annum on its $1,500,000 investment until Plaintiff TAH recouped its entire $1,500,000 investment.

31.   By failing to pay the amounts it promised and/or guaranteed Plaintiff TAH, Defendant LV Holdings and Defendant Hironaka are in breach of their contractual obligations due and owing to Plaintiffs.

32.   As a proximate result of Defendant LV Holdings and Defendant Hironaka' breach, Plaintiff has incurred damages in an amount to be proven at trial or hearing in this matter.

**COUNT II**

**(FRAUDULENT INDUCMENT)**

33.   Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as though fully set forth herein.

32.   In 2011, Defendant Hironaka, on behalf of Defendants, orally promised Plaintiff TAH's sole member, Plaintiff Takeuchi, that if Plaintiff TAH invested $1,500,000 into Defendant LV Holdings that Defendant LV Holdings would pay Plaintiff TAH a preferred rate of return of eight percent (8%) per annum on its $1,500,000 investment until at least such time Plaintiff TAH recouped its entire investment of $1,500,000.

11

33.   Defendant Hironaka, Defendant LVL, and Defendant LV Holdings had no intention of having Defendant LV Holdings pay Plaintiff TAH a preferred rate of return of eight percent (8%) per annum on its $1,500,000 investment until at least such time Plaintiff TAH recouped its entire investment of $1,500,000, at the time they made the oral promise.

34.   Defendant Hironaka, Defendant LVL, and Defendant LV Holdings knowingly made this material misrepresentation in order to induce Plaintiffs to invest $1,500,000 in Defendant LV Holdings.

35.   Plaintiffs relied upon representations that Defendant LV Holdings would pay Plaintiff TAH a preferred rate of return of eight percent (8%) per annum on its $1,500,000 investment until at least such time Plaintiff TAH recouped its entire investment of $1,500,000.

36.   Plaintiffs acted with justifiable reliance based on Defendant Hironaka, Defendant LVL, and Defendant LV Holdings' material misrepresentations and Plaintiff TAH invested $1,500,000 into Defendant LV Holdings based on said reliance.

37. In 2015, Defendant LV Holdings promised Plaintiff TAH that Defendant LV Holdings would pay Plaintiff TAH a preferred

rate of return of eight percent (8%) per annum on its $1,500,000 investment until Plaintiff TAH recouped its entire investment of $1,500,000.

38. Defendant LV Holdings had no intention of paying Plaintiff TAH a preferred rate of return of eight percent (8%) per annum on its $1,500,000 investment until Plaintiff TAH recouped its entire investment of $1,500,000, at the time it made the promise.

39. Defendant LV Holdings knowingly made this material misrepresentation in order to induce Plaintiffs not to divest Plaintiff TAH's $1,500,000 investment into Defendant LV Holdings.

40. Plaintiffs acted with justifiable reliance based on Defendant LV Holdings' material misrepresentations and decided not to divest Plaintiff TAH's $1,500,000 investment into Defendant LV Holdings.

41. As a direct and proximate cause of said material misrepresentation, Plaintiffs have suffered damages in amounts to be proven at trial.

13

42.   Defendants' conduct as outlined above was willful, wanton, malicious, and evinced a total disregard for Plaintiff's rights and interests.

## COUNT III

## (VIOLATION OF SECTION 10(b) OF THE SECURITIES EXCHANGE ACT AND RULE 10b-5)

43.   Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as though fully set forth herein.

40.   Defendants, by use of the means and instrumentalities of interstate commerce (i.e., e-mails and wire transfers), were primary participants in the following wrongful conduct: (a) employed devices, schemes, and artifices that were intended to, and did defraud Plaintiffs; (b) made untrue statements or material fact and/or omitted to state material facts necessary to make the statements made not misleading; and (c) engaged in acts, practices and a course of business which operated as a fraud and deceit upon Plaintiffs in violation of Section 10(b) of the Securities and Exchange Act (15 U.S.C. § 78j and 78t) and Rule 10-b5 promulgated thereunder (17 C.F.R. § 240.10b-5).

41.   Plaintiff TAH invested $1,500,000 into Defendant LV Holdings.

42. This investment was made via common enterprise which led Plaintiffs to expect profits solely from the efforts of others.

43. The investment was made as a result from the dissemination of materially false and misleading information and additional failure to disclose material facts.

44. Plaintiffs, believing Defendants' misrepresentations to be true, and belief that Defendants were not omitting material facts necessary to invest, did rely on the misstatements and other statements made by Defendants and purchased investments in Defendant LV Holdings.

45. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs suffered damages in connection with Plaintiff TAH's investment into Defendant LV Holdings.

## COUNT IV

### (VIOLATION OF HAW. REV. STAT. §485A-501)

46. Plaintiff repeats and realleges the allegations set forth in the above paragraphs as though fully set forth herein.

47. Defendants, in connection with the sale of an investment security, were primary participants in the following wrongful conduct: (a) employed devices, schemes, and artifices

15

Case 1:21-cv-00341-JAO-RT Document 1 Filed 08/11/21 Page 16 of 20 PageID #: 16

that were intended to, and did defraud Plaintiffs; (b) obtained money or property by means of untrue statements of material fact and/or omissions of material facts necessary to make the statements made, in light of the circumstances under which they were made; and, (c) engaged in transactions, practices, or courses of action of business which operate or would operate as a fraud or deceit upon Plaintiffs all in violation of Haw. Rev. Stat. §. §485A-501.

48.    Plaintiff TAH invested $1,500,000 into Defendant LV Holdings.

49.    This investment was made via common enterprise which led Plaintiffs to expect profits solely from the efforts of others.

50.    The investment was made as a result from the dissemination of materially false and misleading information and additional failure to disclose material facts.

51.    Plaintiffs believed Defendants' misrepresentations to be true, and belief that Defendants were not omitting material facts necessary to invest, did rely on the misstatements and other statements made by Defendants and purchased investments in Defendant LV Holdings.

52. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs suffered damages in connection with Plaintiff TAH's investment into Defendant LV Holdings.

## COUNT V

### (BREACH OF FIDUCIARY DUTY)

53. Plaintiff repeats and realleges the allegations set forth in the above paragraphs as though fully set forth herein.

54. As a member of Defendant LV Holdings, Defendant LVL owed Plaintiff, a member of Defendant LV Holdings, a fiduciary duty.

56. Defendant LVL, through Defendant Hironaka, made materially false statement and omissions in order to induce Plaintiffs to invest $1,500,000 into Defendant LV Holdings and breached its fiduciary duty to Plaintiff by doing so.

57. As a direct and proximate result of Defendant LVL's breach of fiduciary duty, Plaintiffs suffered damages in amounts to be proven at trial.

## COUNT VI

### (ACCOUNTING)

58. Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as though fully set forth herein.

17

59.   As a member of Defendant LV Holdings, Plaintiff TAH is entitled to an accounting pursuant to Hawaii Revised Statutes, Section 428-1101.

60.   Plaintiff TAH demands an accounting from Defendant LV Holdings pursuant to Hawaii Revised Statutes, Section 428-1101.

**COUNT VII**

**(UNJUST ENRICHMENT)**

61.   Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as though fully set forth herein.

62.   Plaintiffs invested $1,500,000 into Defendant LV Holdings with the expectation that Defendant LV Holdings would pay Plaintiff TAH a preferred rate of return of eight percent (8%) per annum on its $1,500,000 investment until at least such time that Plaintiff TAH recouped its entire investment of $1,500,000.

63.   As Plaintiffs never received the full legal consideration for the bargain, permitting Defendants to retain $1,500,000 would unjustly enrich Defendants, bring about an inequitable/unjust result, and would not serve the purposes of justice.

64.   In order to avoid unjust enrichment and to avoid an inequitable/unjust result, Defendants' must be ordered to disgorge the $1,500,000, less amounts paid, to Plaintiffs.

### COUNT VIII

### (ALTER EGO LIBAILITY)

65.   Plaintiffs repeat and reallege and by reference incorporate the allegations contained in the above paragraphs.

66.   There was a disregard of legal formalities and a failure to maintain an arms' length relationship between Defendant Hironaka, Defendant LVL, and Defendant LV Holdings.

67.   Defendant LVL was and continues to be undercapitalized.

68.   Defendant Hironaka used Defendant LVL and Defendant LV Holdings to perpetuate a fraud and/or defeat a rightful claim of Plaintiffs and/or engaged in other improper conduct such that recognition of such corporate fiction would bring about injustice and inequity.

69.   As a direct and proximate result of Defendant Hironaka's conduct, Plaintiffs are entitled to monetary judgment in their favor against Defendant Hironaka, Defendant LVL, and Defendant LV Holdings, jointly and severally.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that judgment be entered in its favor against Defendants, jointly and severally, as follows:

A.   Special damages in amounts to be proven at trial.

B.   Prejudgment interest;

C.   Post-judgment interest;

D.   Attorney's fees and costs of suit; and

E.   Other further relief as this Court deems just and property.

DATED:   Honolulu, Hawaii August 11, 2021.

*/s/ Andrew Daisuke Stewart*

_____

ANDREW DAISUKE STEWART
SHOWA LAW OFFICE, LLLC
Attorney for Plaintiff
THREE ARROWS HAWAII LLC

20